

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. O-5875
Re: Payment of poll tax by
an agent.

Your letter of February 16, 1944, reads in part as follows:

> "Can an official now holding office act as agent for a tax payer in the payment of poll tax? If not what is the penalty? Should such official anticipate being a candidate for reelection although he has not announced yet what is the condition to answer of above question?"

An additional question contained in your letter has, we feel, been answered by the opinions of this department which we have mailed to you.

In cities of less than ten thousand inhabitants, Article 2961, V.A.C.S., permits payment of a taxpayer's poll tax "by some one duly authorized by him in writing to pay the same, and to furnish the Collector the information necessary to fill out the blanks in the poll tax receipt," provided that "such authority and information . . . be signed by the party who owes the poll tax and . . . be deposited with the Tax Collector and filed and preserved by him." In cities of more than ten thousand inhabitants, Article 2962, V.A.C.S., provides that a taxpayer who leaves the county of his residence with the intention not to return until after the first day of the following February "shall be entitled to vote, if possessing all other legal qualifications, by paying his poll tax or

Honorable E. L. Shelton, Page 2


obtaining his certificate of exemption through an agent authorized by him in writing, which shall state truly his intention to depart from the county, the expected period of his absence, and every fact necessary to enable the Tax Collector to fill the blanks in his receipt." This written authority must be sworn to by the taxpayer, certified by an official authorized to administer oaths, and deposited and kept in the office of the Tax Collector.

The above cited Articles follow Section 2 of Article VI of our Constitution by permitting a husband to pay the poll tax of his wife, and vice versa. Article 2964 V.A. C.S. provides that "no candidate for office shall pay the poll tax for another" and that no one shall pay the poll tax of another for or on behalf of such candidate. The concluding portion of this Article permits a purchaser of property which is bound for the payment of any poll tax to pay the tax of the former owner, but forbids the tax collector to issue a poll tax receipt authorizing any person to vote in return for such payment. Finally, Articles 201, 203 and 204 of the Penal Code respectively provide that:

"Whoever knowingly becomes agent to obtain a poll tax receipt or certificate of exemption except as provided by law, or any one who gives money to another to induce him to pay his poll tax, shall be fined not exceeding five hundred dollars.

"Any candidate for office or other person who pays or procures another to pay the poll tax of a citizen, except as permitted by law, shall be confined in the penitentiary not less than two nor more than five years.

"Whoever loans or advances money to another knowing it is to be used for paying the poll tax of such other person shall be fined not to exceed five hundred dollars."

When one person acts as agent for another in the payment of the poll tax of the latter, it is possible that the money with which the payment is made be money (a) belonging to the taxpayer and turned over to the agent for the

Honorable E. L. Shelton, Page 3

purpose of paying the tax; (b) belonging to the agent and used by him in paying the tax without an express or implied agreement that such sum be repaid by the taxpayer; or (c) belonging to the agent and used by him with either an express or implied agreement that such sum be repaid by the taxpayer.

Although Articles 2961 and 2962 respectively provide that the poll tax may "be paid" by an agent and that the taxpayer may obtain a receipt "by paying" his poll tax through an agent, we feel that these Articles were never intended to authorize, and do not authorize, payments of the types denominated (b) and (c) above. In employing the above forms of the verb "pay" we feel that the Legislature intended to denote the physical acts of turning over the taxpayer's money to the tax collector and furnishing the required information rather than the furnishing by the agent, either as a gift or as a loan, of the money with which the payment is to be made. Stated differently, we feel that these Articles authorize an agent to pay the poll tax of another only if the money used for such purpose is money which is not that of the agent and which has been received neither as a gift nor as a loan from the agent.

With Articles 2961 and 2962 so construed, we perceive no reason why an official now holding office may not act as an agent of the type herein described. Notice, however, that the tax assessor-collector and his deputies are agents of the State in the collection of taxes due the State and therefore could not act in the capacity of agent of the taxpayer, for the reason that the latter agency would be incompatible with the former. This conclusion is in accord with that reached by former Attorney General Looney in an opinion rendered January 22, 1915. As a result of this conclusion, no answer is required to your second question.

In answer to your third question, you are respectfully advised that the fact that such official anticipates being a candidate for reelection, but has not yet announced, would not alter or affect our answer to your first question.

Trusting that the foregoing fully answers your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

R. Dean Moorhead
Assistant

RDM:ff